**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

EDWARD T. HOY,

          Plaintiff,

    v.

JOHN J. HOY, III; JOHN J. HOY
JR.AND JEANETTE N. HOY FAMILY
LIMITED PARTNERSHIP; and
HOYS HOLLY HILL, INC.
           Defendants.

1:22-cv-00425-NLH-EAP

OPINION

---

Appearances:

BRIAN WILLIAM CARROLL
GREGORY JOSEPH HINDY
ROBERT A. MINTZ
MCCARTER & ENGLISH LLP
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, N.J. 07102

    *On behalf of Plaintiff*

JONATHAN ALBERT DELGADO
WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP
TWO COMMERCE SQUARE
2001 MARKET SQUARE
SUITE 3100
PHILADELPHIA, PA. 19103

    *On behalf of Defendants*

**HILLMAN**, District Judge

    Pending before the Court is John J. Hoy, III ("Hoy"); John

J. Hoy Jr. and Jeanette N. Hoy Family Limited Partnership

("FLP"); and Hoys Holly Hill, Inc.'s ("HHH") (collectively

"Defendants") motion to dismiss pursuant to Federal Rules of
Civil Procedure 12(b)(1), (2), (6), and (7).  For the reasons
expressed below, Defendants' motion will be granted.

## I.  Background

FLP is a Pennsylvania limited partnership and HHH is a
corporation organized under Pennsylvania law.  (ECF 1 at ¶¶ 7-
8).  Hoy is a Pennsylvanian, limited partner in FLP, and HHH
shareholder.  (Id. at ¶ 6).  Plaintiff Edward T. Hoy
("Plaintiff") is a New Jersey resident who is a limited partner
in FLP and HHH shareholder.  (Id. at ¶ 5).

Plaintiff, Hoy, and two non-parties are siblings and the
children of John J. Hoy, Jr. and Jeanette Hoy.  (Id. at ¶ 11).
In 1985, the parents acquired an eighty-one-acre parcel ("the
property") in Pennsburg, Pennsylvania, (id. at ¶¶ 1, 12), and in
2000 the parents established FLP and transferred ownership of
the property to it, (id. at ¶¶ 13-15).  The parents served as
general partners with the children as limited partners.  (Id. at
¶ 16).  Equal lifetime gifts were made to the children and
each's interest in FLP stood at 24.75% as of 2009, including an
equally distributed 1% general partnership share transferred
from John J. Hoy, Jr.  (Id. at ¶¶ 17, 19).  The remaining 1%
general partnership share remained with Jeanette.

After John J. Hoy, Jr. died in March 2011, Hoy allegedly
formed HHH and transferred to it the 1% general partnership

2

stake of his mother and the 1% general partnership stake his father had distributed to his four children, including Plaintiff's portion, without an operating agreement or explanation.  (Id. at ¶¶ 20-21).  To Plaintiff's knowledge, Hoy has never called a shareholder or director's meeting,[1] issued corporate minutes, or adopted bylaws or a shareholder agreement. (Id. at ¶¶ 25-28).  Through the formation of HHH, Plaintiff, Hoy, and their siblings and mother are shareholders in HHH rather than general partners of FLP, (id. at ¶ 23), and Plaintiff alleges that, by appointing himself as sole director and officer of HHH without Plaintiff's knowledge, Hoy has consolidated control and become the de facto general partner of FLP, (id. at ¶¶ 24, 31-32).

Additionally, a limited partnership, HHH 1200 LPA, was formed by Hoy in July 2011 with Hoy as the sole general partner and, despite being listed as a limited partner, Plaintiff claims to have had no prior knowledge of HHH 1200 LPA's existence. (Id. at ¶¶ 38-41).  Hoy's limited partnership interest is 62.49375% with 12.49875% each for Plaintiff and his other two

_____

[1] The Complaint acknowledges that a shareholder and board meeting had been noticed for February 2, 2022.  (ECF 1 at ¶ 25).  In his opposition brief, Plaintiff claims that Hoy held the first shareholders meeting after the Complaint was filed "for the sole purpose of appointing himself sole board member, President, Treasurer and Secretary" and that the meeting lasted just six minutes without Plaintiff receiving an opportunity to speak. (ECF 10 at 2).

siblings.  (Id. at ¶¶ 42-43).  Plaintiff alleges that FLP's
signature page was appended to HHH 1200 LPA to give the
appearance that it was executed by the entire family.  (Id. at
¶¶ 44-45).  Upon discovering HHH 1200 LPA, Plaintiff allegedly
demanded that it be dissolved, which has not yet taken place.
(Id. at ¶ 48).

In or around March 2021, Hoy contacted Plaintiff to inform
him that the house on the property required significant repairs
and a capital call would be issued for the siblings to pay into
FLP.  (Id. at ¶ 61).  A few days later, Plaintiff received an
unsolicited email from Hoy's son with a copy of an appraisal and
offer to purchase Plaintiff's equity in the property for
$172,500 with an offer deadline of April 15, 2021.  (Id. at ¶¶
59-60).  Plaintiff was previously unaware that the property had
been appraised.  (Id. at ¶ 58).  The appraisal, which took place
in early 2021, appraised the property as undeveloped farmland
for $690,000.  (Id. at ¶¶ 49-50).  Plaintiff claims that Hoy
knew or should have known that a sanitary sewer line had been
approved in the area and that other parcels near the property
have sold for higher-value residential development.  (Id. at ¶¶
59-60).  Plaintiff alleges that the capital call and Hoy's son's
email were intended to convince Plaintiff to sell his equity for
below market value.  (Id. at ¶¶ 64-65).  After Plaintiff
revealed his knowledge of HHH 1200 LPA to Hoy, the offer from

4

Hoy's son was rescinded, (id. at ¶ 67), and Plaintiff believes that the property recently lost its only tenant and, rather than market or rent the property, Hoy has allowed his son to live and operate his business there rent-free, (id. at ¶¶ 68-70).

Plaintiff filed the instant Complaint alleging four counts: (1) breach of fiduciary duty of loyalty and care pursuant to 15 Pa. Cons. Stat. § 8649, (id. at ¶¶ 78-82); (2) common-law breach of contract, (id. at ¶¶ 84-90); (3) common-law fraud, (id. at ¶¶ 92-97), and (4) shareholder oppression pursuant to 15 Pa. Cons. Stat. § 1767, (id. at ¶¶ 99-102).  Plaintiff seeks the appointment of a provisional director to manage HHH, liquidation of the property, and dissolution of FLP, HHH, and HHH 1200, among other relief.  (Id. at pg. 15).

Defendants responded with the presently pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6), and (7), asserting lack of subject-matter and personal jurisdiction and arguing that Plaintiff improperly seeks to dissolve FLP, which requires the unanimous consent of all partners.  (ECF 7).  Additional briefing from both parties followed.  (ECF 10; ECF 11).

## II. Discussion

Pursuant to the Federal Rules of Civil Procedure, a responding party may assert by motion lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to state a

claim upon which relief can be granted, and failure to join a party.  Fed. R. Civ. P. 12(b)(1), (2), (6), (7).  "To survive a motion to dismiss, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Doe v. Princeton Univ., 30 F.4th 335, 341-42 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and – accepting the plaintiff's factual assertions, but not legal conclusions, as true – "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" id. at 342 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and applying the standard to a motion to dismiss under Rule 12(b)(6)).

When lack of subject-matter jurisdiction is alleged on the face of the complaint, courts utilize the same standard as a motion to dismiss pursuant to Rule 12(b)(6), again accepting the allegations in the complaint to be true.  Zitter v. Petruccelli, 213 F. Supp. 3d 698, 705 (D.N.J. Sept. 30, 2016) (citing Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) and CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008)).  Similarly, when a court does not hold an evidentiary hearing, a plaintiff "need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its

6

favor." Linus Holding Corp. v. Mark Line Indus., 376 F. Supp.
3d 417, 422 (D.N.J. Mar. 25, 2019) (quoting Miller Yacht Sales,
Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)).

Finally, a challenge under Federal Rule of Civil Procedure
12(b)(7) requires a three-step analysis to determine (1) whether
it is necessary to join the absent party, (2) whether it is
possible for the absent and necessary party to be joined, and
(3) if joinder is not possible, whether the action should
proceed or, if the absent and necessary party is indispensable,
be dismissed. Gaines v. Sec. Guard, Inc., No. 18-16853, 2019 WL
5445997, at *1 (D.N.J. Oct. 24, 2019) (citing Fed. R. Civ. P.
19).

## III. Analysis

Central to the parties' dispute is whether subject-matter
jurisdiction exists. District courts possess original
jurisdiction over matters in which the amount in controversy
exceeds $75,000 and the parties are citizens of different
states. See 28 U.S.C. § 1332(a). "To establish diversity
jurisdiction under 28 U.S.C. § 1332, 'the party asserting
jurisdiction must show that there is complete diversity of
citizenship among the parties,'" Barrett v. Tri-Coast Pharmacy,
Inc., 518 F. Supp. 3d 810, 820 (D.N.J. Feb. 10, 2021) (quoting
Schneller v. Crozer Chester Med. Ctr., 387 Fed. Appx. 289, 292
(3d Cir. 2010)) and "[c]omplete diversity requires that, in

7

cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant," Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 553 (2005) and Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009)).

For the purposes of determining diversity, an individual's citizenship is determined by domicile – the individual's "true, fixed and permanent home and place of habitation," Park v. Tsiavos, 165 F. Supp. 3d 191, 198 (D.N.J. Feb. 29, 2016) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)), and "[a] corporation is a citizen of its state of incorporation and its principal place of business," Bell v. KA Indus. Servs., LLC, 567 F. Supp. 2d 701, 704 n.1 (D.N.J. July 25, 2008) (citing 28 U.S.C. § 1332(c)). A partnership, however, "takes on the citizenship of each of its partners." Zambelli Fireworks Mfg. Co., Inc., 592 F.3d at 419 (citing Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)). When subject-matter jurisdiction based on diversity is challenged, "it is incumbent upon the court[] to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." Id. at 418 (quoting Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)).

Defendants argue that complete diversity is lacking, and

therefore the Court does not have subject-matter jurisdiction, because Plaintiff is a partner in FLP and thus both he and FLP are citizens of New Jersey.  (ECF 7 at 9-10; ECF 11 at 2).  Plaintiff does not appear to dispute the fact that FLP, like him, is a citizen of New Jersey, but rather counters that FLP is a nominal defendant and that the conduct of Hoy serves as the basis for each count of the Complaint.  (ECF 10 at 11-12).  Therefore, the existence of jurisdiction turns on whether FLP is a nominal defendant.  The Court holds that it is not.

Courts determining whether diversity exists "must disregard nominal or formal parties," Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 358 (3d Cir. 2013) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)), and are to base citizenship only as to the "parties with 'a real interest in the litigation,'" id. (quoting Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991)).  A party may be deemed nominal under multiple analyses, including when it is "without a real interest in the litigation" or when it is not necessary or indispensable under Federal Rule of Civil Procedure 19.  See Am. Asset Fin., LLC v. Corea Firm, 821 F. Supp. 2d 698, 700 (D.N.J. Oct. 27, 2011) (collecting cases and quoting Bumberger, 952 F.2d at 767).

In support of his position that FLP is a nominal party, Plaintiff relies on Eyal Lior v. Sit, a case in which complete diversity was found and the Court noted the general principle

that "[t]he joinder of a garnishee, who is merely 'the holder of the stakes of the dispute,' has no bearing upon diversity jurisdiction."  913 F. Supp. 868, 876-78 (D.N.J. Jan. 11, 1996) (quoting Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987)).

While the Court accepts that legal principle, FLP is much more than a mere stakeholder in this dispute.  Who controls it and whether that control was manipulated or corruptly usurped and who has the right to manage it and dispose of its assets are all central to the dispute in this case.  If this were not clear from the facts alleged in the Complaint, it is clear from the prayer for relief where Plaintiff seeks, in part, the liquidation of the subject property and dissolution of FLP.  (ECF 1 at pg. 15).  Where, as here, "[t]he relief sought . . . will eviscerate [FLP] and divest it of its ownership of the property," the full citizenship of the partnership should matter for purposes of determining whether the parties are truly diverse.  See S. La. Ethanol, LLC v. CHS-SLE Land, LLC, No. 11-2774, 2012 WL 208828, at *2-3 (E.D. La. Jan. 23, 2012) (denying a motion to withdraw a reference pertaining to a bankruptcy and finding that the Fifth Circuit case relied on, Wolff v. Wolff, 768 F.2d 642 (5th Cir. 1985), "does not stand for the broad proposition that in an action to dissolve an LLC the citizenship of the LLC is ignored for diversity purposes"); see also Masters v. Harkleroad, 303 Fed. Appx. 859, 861 (11th Cir. 2008) ("[W]e

10

have found no authority, and Petitioners cite none in their letter brief, holding that a LLC which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party."); Castleberg v. Covenant Health Care of Eau Claire, L.P., No. 10-cv-647, 2010 WL 5135921, at *2 (W.D. Wis. Dec. 10, 2010) (finding no controlling authority as to whether a limited partnership is a real party in a suit for dissolution and permitting supplemental briefing).

Important to the court in S. La. Ethanol, LLC was the fact that "[u]nder Louisiana law the LLC is a juridical person with a separate legal existence from the members who comprise the entity."  2012 WL 208828, at *2.  Similarly, under Pennsylvania law, "[a] partnership is an entity distinct from its partners." 15 Pa. Cons. Stat. § 8421(a); see also 15 Pa. Cons. Stat. § 8620(a) ("A limited partnership is an entity distinct from its partners"). Though not binding or directly on-point, the Court agrees with the reasonings of these out-of-circuit courts.  The Court will not ignore the form of business association with which the relevant parties chose to conduct their affairs when its very existence is questioned.

Further belying Plaintiff's position "that each of Plaintiff's causes of action and the allegations in support of Plaintiff's claims, relate exclusively to conduct by [Hoy]," (ECF 10 at 8), are Plaintiff's allegations and causes of action

11

themselves.  Plaintiff claims that FLP is a nominal party, yet relies upon Pennsylvania partnership law in alleging breach of fiduciary duty of loyalty and care in Count 1 of the Complaint. (ECF 1 at ¶¶ 78-82).  The duties allegedly breached by Hoy are those owed to other partners, including those not included in this action, and FLP itself.  See 15 Pa. Cons. Stat. § 8649(a) ("A general partner owes to the limited partnership and, subject to section 8691 (relating to direct action by partner), the other partners the duties of loyalty and care . . . .").  To bring a direct action, a partner "must plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited partnership."  15 Pa. Cons. Stat. § 8691(b).  To the extent that Hoy's alleged actions "affect[] all partners proportionally to their pro rata interests," Plaintiff's claims are derivative. See Ratner v. Iron Stone Real Estate Fund I, L.P., 212 A.3d 70, 77 (Pa. Super. Ct. 2019) (referring to improper payments received by the general partner).

More generally, Plaintiff alleges that Hoy "has usurped control of the [property] without the consent of Plaintiff and has acted as the de facto general partner of the FLP," (ECF 1 ¶ 32), and, "has used his position of power as the de facto general partner of the FLP to benefit himself and his immediate family to the detriment of Plaintiff and his siblings," (id. at

12

¶ 72).  "In the partnership context, '[t]he exclusion of one partner by another from the management of the partnership business or possession of the partnership property is undoubtedly ground for dissolution,'" Staiger v. Holohan, 100 A.3d 622, 625 (Pa. Super. Ct. 2014) (alteration in original) (quoting Herman v. Pepper, 166 A. 587, 588 (Pa. 1933)), which triggers FLP's interest in this action for the same reasons as discussed above with respect to Plaintiff's requested relief.

Providing further support that the existence of a legitimate business association at the heart of a dispute should not be ignored are a recent decision within the Third Circuit holding that the plaintiffs failed to satisfy their burden in refuting that a plaintiff was a member of the defendant limited liability company, destroying complete diversity, see Azuma v. Lemond Cos., LLC, No. 21-1627, 2022 WL 4289765, at *5 (D. Del. Sept. 16, 2022), and a similar decision within a neighboring circuit, see Atanasio v. O'Neill, 235 F. Supp. 3d 422, 425-26 (E.D.N.Y. Jan. 27, 2017) (concluding that complete diversity would be lacking whether the limited liability company was characterized as a plaintiff or a defendant in a derivative action as it would take on the citizenship of each of its members).

The Court also holds that FLP is a real party under a Rule 19 analysis, which requires that a party be joined if it has an

interest in the subject of the action that is so situated with
its disposition that disposition in its absence may "as a
practical matter impair or impede the [party's] ability to
protect the interest."  See Fed. R. Civ. P. 19(a)(1)(B)(i); Am.
Asset Fin., LLC, 821 F. Supp. 2d at 700; see also In re
Howmedica Osteonics Corp., 867 F.3d 390, 408 (3d Cir. 2017) ("To
be an indispensable party under Federal Rule of Civil Procedure
Rule 19(b), a party must also be a 'required' party under Rule
19(a).").  Whether a party is indispensable is determined by
applying the factors listed in Rule 19(b) for when joinder is
not feasible, see Zambelli Fireworks Mfg. Co., Inc., 592 F.3d at
421, including the extent to which judgment in the party's
absence may prejudice it or the existing parties, the extent to
which that prejudice can be lessened or avoided, the adequacy of
judgment without the party, and whether the plaintiff would have
an adequate remedy if the action were to be dismissed, Fed. R.
Civ. P. 19(b).

Here, Plaintiff seeks the liquidation of FLP's sole asset
and the dissolution of the limited partnership itself.  (ECF 1
at pg. 15).  But others besides Hoy and Plaintiff have an
interest in FLP, its assets, and operation.  The Court finds no
indication that the interests of other individual members of
FLP, who have not been included in this action, are represented
by Plaintiff and Hoy alone or that relief may be tailored to

14

protect those interests.  It may well be in FLP's interest, for
instance, and hence its partners, to maintain the property.  The
existent of partners who are not parties to this litigation
underscores the folly of considering FLP a mere stakeholder.
Moreover, defining this Court's subject matter properly works no
injustice against Plaintiff.  If his Complaint were to be
dismissed here, Plaintiff can still file an action in a county
in which FLP, an entity in which he asserts an interest,
regularly conducts business, where the cause of action arose, or
where the property is located.  See Pa. R. Civ. P. 2130(a).

Accordingly, the Court holds that FLP is a real party and
that, as FLP is a citizen of New Jersey, see Zambelli Fireworks
Mfg. Co., Inc., 592 F.3d at 419, this action lacks complete
diversity and must be dismissed, see Barrett, 518 F. Supp. 3d at
820.

## IV. Conclusion

For the reasons stated above, Defendants' motion to
dismiss, (ECF 7), will be granted and Plaintiff's Complaint,
(ECF 1), will be dismissed without prejudice.  An Order
consistent with this Opinion will be entered.


Date: November 22, 2022          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.


15